IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AARON MARTINEZ,

        Petitioner,

vs.                                                    No. CIV 04-403 JB/LCS

TIM LEMASTER, Warden, et al.,

        Respondents.

MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Mr. Martinez's Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254, filed April 9, 2004.  (Doc. 1).  Petitioner, currently

incarcerated, attacks the Judgment and Sentence entered on June 18, 1997, in the case numbered

CR 95-02097, in the Second Judicial District, Bernalillo County, State of New Mexico.  The

United States Magistrate Judge, having considered the arguments of counsel, the record, relevant

law, and being otherwise fully informed, finds that Petitioner's Motion is not well-taken and

recommends that it be **DENIED.**

I.       **Procedural History**

1.       On April 17, 1997, Petitioner was convicted, following a jury trial in the Second

Judicial District, Bernalillo County, New Mexico, in CR 95-2097, of the offenses of: First Degree

Murder (willful and deliberate); Conspiracy to Commit First Degree Murder (willful and

deliberate); Trafficking (by distribution); Conspiracy to Commit Trafficking (by distribution);

Tampering with Evidence; and Conspiracy to Commit Tampering with Evidence.  (Answer, Ex.

A).  Mr. Martinez came before the Honorable W. John Brennan on June 18, 1997, at which time

he was sentenced to a term of life imprisonment plus nine (9) years.  (Id.)

2.      Petitioner filed an appeal with the New Mexico Court of Appeals on October 3, 1997 (Answer, Ex. B) and with the New Mexico Supreme Court on October 9, 1998 (Answer, Ex. C).  Mr. Martinez's direct appeal to the Supreme Court raised two issues: 1) the trial court erred in admitting evidence of an unrelated prior shooting incident; and 2) the trial court erred in failing to suppress two pre-arrest interviews with Mr. Martinez.  (Id.)  The New Mexico Supreme Court affirmed Petitioner's conviction on April 7, 1999.  (Answer, Exhibit F).

3.      Mr. Martinez filed his petition for state habeas relief on March 8, 2000, alleging three grounds for relief: 1) the trial court erred in denying his motion for a new trial based on juror misconduct and insufficiency of evidence; 2) the trial court erred in admitting evidence of prior, uncharged conduct; and 3) the trial court erred in denying Petitioner's motion for a directed verdict at the close of the State's case.  (Answer, Ex. G).  The State district court denied this petition on April 11, 2000.  (Answer, Ex. H).  Mr. Martinez filed a Petition for Writ of Certiorari with the New Mexico Supreme Court on September 15, 2000, (Answer, Ex. I), which the Court denied as untimely.  (Answer, Ex. Q).

4.      Petitioner filed his second petition for state habeas relief on August 27, 2003, alleging numerous errors.  (Answer, Ex. K).  As grounds for this petition, Mr. Martinez raised the issues of: 1) juror misconduct; 2) ineffective assistance of counsel; and 3) prosecutorial misconduct.  (Id.)  The trial court dismissed this second petition on January 16, 2004.  (Answer, Ex. N).  No appeal was taken to any New Mexico appellate court.

5.      Mr. Martinez filed his petition for federal habeas relief in this Court on April 9, 2004.  (Doc. 1).  Respondents have moved to dismiss on the grounds that Petitioner's application

for federal habeas relief is time-barred under 28 U.S.C. § 2244 (d)(1) and, in the alternative, that

Petitioner has failed to state a cognizable federal claim.  (Doc. 8).

## II.      Standard of Review

6.      Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this

Court's review of the state court proceedings is quite limited.  *Fields v. Gibson*, 277 F.3d 1203,

1217 (10th Cir. 2002).  A federal court may not grant habeas relief unless the state court's

decision was: 1) contrary to, or involved an unreasonable application of, clearly established

federal law, as determined by the Supreme Court of the United States; or 2) resulted in a decision

that was based on an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding.  *Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999) (quoting 28

U.S.C. § 2254(d)).  Factual findings of a state court are presumed correct and can be overturned

by this Court only on a showing of clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).

## III.      Analysis

7.      Petitioner raises the following issues in his federal petition:

I.      Juror Misconduct.

II.      Ineffective Assistance of Counsel.

III.      Prosecutorial Misconduct.

8.      Respondents first contend that Mr. Martinez cannot prevail on his federal petition

because that Petition is time-barred under 28 U.S.C. § 2244(d)(1).  Under the AEDPA, a one-

year period of limitation shall apply to an application for a writ of habeas corpus pursuant to the

judgment of a State court.  This limitations period generally runs from the date on which the

judgment became final by the conclusion of direct review.  28 U.S.C. § 2244(d)(1)(A).      9.

Petitioner's judgment became final on April 7, 1999, when the New Mexico Supreme Court affirmed his conviction and the one-year statute of limitations began to run on that date. The limitation period was tolled on March 8, 2000, approximately eleven (11) months after the conclusion of direct review, when Mr. Martinez filed his Petition for state habeas relief. *See Hoggro v. Boone*, 150 F.3d 1223 (10th Cir. 1998). The limitations period remained tolled until November 3, 2000, when the New Mexico Supreme Court denied Mr. Martinez's petition for a Writ of Certiorari. On November 3, 2000, the one-year limitations period again began to run, giving Petitioner until early December of 2000 to file his federal petition. In fact, Mr. Martinez did not file his federal petition until April 9, 2004, well after the one-year limitations period for filing his claim had run.

10.     Petitioner contends however that his petition should be considered, regardless of the running of the limitations period, pursuant to § 2244(d)(1)(D), which states the limitations period will begin to run on:

> the date on which the factual predicate of the claim or
> claims presented could have been discovered through
> the exercise of due diligence.

Petitioner contends that his claims related to juror misconduct were only discovered on November 11, 2002 and could not have been discovered earlier through the exercise of due diligence.

11.     I recommend Petitioner's contention be denied. It appears from his Petition that Mr. Martinez contends equitable tolling should be applied in his case on the allegation of juror misconduct. Petitioner bases this allegation on the affidavit of a juror, Susan Boot-Meyerer, who executed an affidavit relating to her service on Petitioner's jury on March 6, 2003. In this affidavit Ms. Boot-Meyerer stated she had been approached by a family friend of the Petitioner on

4

November 11, 2002, asking her to discuss her jury service.  After meeting with this family friend,

Ms. Boot-Meyerer signed an affidavit affirming that she had videotaped television news coverage

of Mr. Martinez's trial while serving on the jury.  Petitioner contends this conduct made Ms.

Boot-Meyerer unable to render an impartial verdict and furthermore, tainted the other jurors.

Petitioner also argues that this juror had been intimidated by her fellow jurors into changing her

vote from not-guilty to guilty.  This allegation is also based upon Ms. Boot-Meyerer's affidavit.

12.    The AEDPA's one-year statute of limitations is subject to equitable tolling but

equitable tolling will be applied only "in rare and exceptional circumstances."  *Gibson v. Klinger*,

232 F.3d 799, 808 (10th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.

1998), *cert. denied*, 526 U.S. 1074 (1999).  Petitioner apparently urges this Court that equitable

tolling is appropriate in his case. Equitable tolling may be appropriate, for example, in situations

where a prisoner is actually innocent, *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), or

when a prisoner actively pursues judicial remedies but files a defective pleading during the

statutory period.  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).  Simple neglect is

not sufficient.  *Id*. at 96.

13.    In his response to Respondents' Motion to Dismiss, Petitioner contends that he

only learned of the alleged juror misconduct on November 11, 2002 when one Anne Ryan, a

family friend acting on his behalf, contacted Ms. Boot-Meyerer to discuss the case.  (Doc. 15; Aff.

Boot-Meyerer).  Although Mr. Martinez alleges he had no means of obtaining Ms. Boot-

Meyerer's information prior to November 11, 2002, he has provided this Court with no support

for such an allegation, or with evidence that he exercised due diligence in pursuing his claim, as is

required under § 2244 (d)(1)(D).  He has not explained, for example, why Ms. Ryan could not

have contacted Ms. Boot-Meyerer prior to November 11, 2002.  A district court may deny

equitable tolling based on a Petitioner's failure to demonstrate that he diligently pursued his

federal claim.  *Burger v. Scott*, 317 F.3d 1133, 1144 (10th Cir. 2003).  Because Mr. Martinez has

not provided evidence that he diligently pursued his claim, I recommend finding that his Petition is

time-barred.[1]

### RECOMMENDATION

I recommend finding that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence

pursuant to 28 U.S.C. § 2254, filed April 9, 2004 (Doc. 1) be **DENIED**.  Because I recommend

finding that the Petition is time-barred, I need not reach Respondents contention that Petitioner

has failed to state a cognizable federal claim.  Timely objections to the foregoing may be made

pursuant to 28 U.S.C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these

proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written

objections to such proposed findings and recommendations with the Clerk of the United States

District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file objections

within the ten day period if that party wants to have appellate review of the proposed findings and

recommendations.  If no objections are filed, no appellate review will be allowed.

---

[1]Facially at least, Petitioner's claims of juror misconduct appear to be without merit.  First, although Ms. Boot-Meyerer's affidavit states that she "taped" television news coverage of the trial, she never states that she "watched" such coverage during the trial.  Furthermore, she does not indicate that the news coverage influenced her verdict in any way.  Second, regarding Petitioner's claims that Ms. Boot-Meyerer was coerced into rendering a guilty verdict, it is clear from the instructions given the jury that Ms. Boot-Meyerer was explicitly instructed as to her duties.  Instruction #16 read in part, "[Y]ou are not required to give up your individual judgment.  Each of you must decide the case for yourself . . . do not surrender your honest conviction . . . solely because of the opinion of your fellow jurors, or for the purpose of reaching a verdict."  Presumably, Ms. Boot-Meyerer followed the judge's instructions, and nothing in the affidavit is to the contrary.  Further, the judge polled the jury after it reached its verdict on April 16, 1997 (Tr. 2).  Ms. Boot-Meyerer was twice questioned as to whether she agreed with the verdict, and twice she asserted in open court that she did so agree.  Third, regarding juror misconduct, there is nothing, as mentioned *supra*, to suggest that Petitioner could not have discovered the alleged misconduct immediately through the exercise of due diligence.

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**